IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA L. HITCHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-792 |
| | ) |
| GREATER PITTSBURGH COMMUNITY FOOD | ) |
| BANK and TOM DZAMBO, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
and
# ORDER OF COURT

## SYNOPSIS

Defendant supervisor seeks the dismissal of a truck driver's claim that her supervisor aided and abetted the creation of a hostile work environment in violation of 43 P.S. § 955(e).  The Motions are denied.  A Plaintiff asserting a claim under § 955(e) exhausts her administrative remedies against a Defendant not named as a Defendant in the administrative filing when the body of the administrative charge contains allegations regarding the Defendant's conduct. Further, a Plaintiff articulates a viable claim under § 955(e) against a supervisor when the Plaintiff alleges that the supervisor knew of the harassment, participated in the harassment, failed to take any action to stop the harassment, and engaged in retaliation following complaints of the harassment.

1

**OPINION**

Plaintiff Donna L. Hitchens ("Hitchens") worked for Defendant Greater Pittsburgh Community Food Bank ("the Food Bank") as a truck driver. She contends that during the period between January 3, 2005 and July 14, 2005, she was subjected to a continuous and ongoing hostile work environment and sexual harassment by certain of the Food Bank's male employees. Defendant Tom Dzambo ("Dzambo") served as her supervisor during this period. Hitchens contends that she complained to Dzambo on numerous occasions of the situation but that he failed to take any responsive action. Unable to tolerate the environment, Hitchens was constructively discharged on July 14, 2005.

Hitchens filed administrative charges with the Equal Employment Opportunity Commission ("EEOC") naming the Food Bank as a Defendant. The claim was dual filed with the Pennsylvania Human Relations Commission in November of 2005. Hitchens ultimately received a Right to Sue letter and timely initiated this action.[1] Hitchens contends that Dzambo aided and abetted the other Food Bank workers in creating and fostering the hostile work environment in violation of § 955(e) of the Pennsylvania Human Relations Act.

Dzambo has filed a Motion to Dismiss (Docket No. 8) and a Supplemental Motion to Dismiss or in the alternative Motion for Summary Judgment (Docket No. 13). Essentially, Dzambo offers two arguments to defeat Hitchens's claim that he

---

[1] Hitchens did assert state and federal claims against the Food Bank. The Food Bank filed an Answer. Consequently, the viability of the claims against the Food Bank is not before me.

2

perpetuated a hostile work environment in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 955(e).  Specifically, Dzambo argues that: (1) because he was not named as a Defendant in the administrative action the claim under § 955(e) must be dismissed for failure to exhaust administrative remedies;[2] and (2) the allegations in the Complaint do not support a claim under § 955(e).[3] Neither argument is convincing.  The Motions are denied.

## **STANDARDS OF REVIEW**

1. Motion to Dismiss

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988).  I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See

---

[2] This is the subject of the motion for summary judgment.

[3] This is the subject of the motion to dismiss.

3

Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46.  Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

2. Motion for Summary Judgment

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The

burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## **ANALYSIS**

Section 955(e) of the PHRA declares that it shall be an unlawful discriminatory practice:

> (e) For any person, employer, employment agency or labor organization, or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 P.S. § 955(e). Hitchens seeks to hold Dzambo liable under § 955(e). She contends that he did nothing to stop the harassment despite her complaints to him, that he in fact participated in the harassment and that he retaliated against her for complaining of the harassment. Dzambo urges that her claim is not viable because

she failed to exhaust her administrative remedies and because the allegations set forth in the Complaint do not suggest that he "aided," "abetted," "incited," "compelled," or "coerced." I disagree.

First, Hitchens's failure to name Dzambo as a Defendant in her administrative charge is not fatal to her claim. Dzambo's name is featured prominently throughout the administrative charge. She explains in the charge that he knew about the harassment, that he failed to stop it, and that he got angry with her for complaining about it. See Docket No. 16-3, p. 4-10. Naming Dzambo in the body of the charge satisfies the exhaustion of administrative remedies requirement. See Glickstein v. Neshaminy School District, Civ. No. 96-6236, 1999 WL 58578 at * 6 (E.D. Pa. Jan. 26, 1999) (declining to dismiss claims against defendants who were not named as defendants in administrative charges but whose conduct was cited in the body of the administrative complaint); Kinally v. Bell of Pennsylvania, 748 F. Supp. 1136 (E.D. Pa. 1990) (same); Kunwar v. Simco, 135 F. Supp.2d 649 (E.D. Pa. 2001) (same); Zarazed v. Spar Mgmt Services, Inc., Civ. No. 5-2621, 2006 WL 224050 at * 6 (E.D. Pa. Jan. 26, 2006) (stating that "[a]n allegation naming a particular individual in the body of the charge has been enough to amount to exhaustion of administrative remedies.").

Second, in light of the notice pleading requirements of Federal Rule of Civil Procedure 8, I find that Hitchens has set forth a claim under § 955(e). She alleges that Dzambo served as her supervisor, that he knew of the sexual harassment and hostile work environment, that she complained to him of the same, that he actually participated in the harassment and that he retaliated against her when she further

6

complained of the situation. See Complaint ¶ 26.  Other courts have found similar allegations to be sufficient. See Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 553 (3d Cir. 1996); Jordan v. Mel Blount Youth Home of Pa, Civ. No. 5-1331, 2006 WL 1495513 at * 5 (W.D. Pa. May 26, 2006) (declining to dismiss a § 955(e) claim against a supervisor where plaintiff had alleged that the supervisor was aware of and permitted the harassment); and Carlton v. City of Philadelphia, Civ. No. 3-1620, 2004 WL 633279 (E.D. Pa. March 30, 2004) (denying a motion to dismiss where plaintiff alleged supervisory employees were aware of complaints of harassment and failed to act and subsequent conduct suggested retaliation).

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA L. HITCHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-792 |
| | ) |
| GREATER PITTSBURGH COMMUNITY FOOD BANK and TOM DZAMBO, | ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **23rd** day of October, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss (Docket No. 8) and the Supplement to the Motion to Dismiss or in the alternative Motion for Summary Judgment (Docket No. 13) are both DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

8